UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARTFIVE, LLC, a Minnesota limited liability company, | Case No. 13-CV-1338 (PJS/JJG) |
| Plaintiff, | ORDER |
| v. | |
| TELEBRANDS CORP., a New Jersey corporation; and DOES 1 THROUGH 11, | |
| Defendants. | |

Russell M. Spence, Jr. and Maxwell S. Felsheim, HELLMUTH & JOHNSON, PLLC, for plaintiff.

Roger A. Colaizzi, VENABLE LLP; Robert T. Maldonado, Tonia A. Sayour, and Peter D. Murray, COOPER & DUNHAM LLP; Scott M. Flaherty and Jason R. Asmus, BRIGGS & MORGAN, P.A., for defendants.

Plaintiff martFIVE, LLC ("martFIVE") manufactures two products: a foldable walking cane known as the "HurryCane" and a line of stuffed animals with multiple pockets known as "Stuffies." martFIVE markets its products through websites and television commercials. Defendant Telebrands Corp. ("Telebrands") recently began offering two very similar products: a foldable walking cane known as the "Trusty Cane" and a line of stuffed animals with multiple pockets known as "Pocket Pals." Like martFIVE, Telebrands promotes its products through websites and television commercials.

martFIVE brought this action against Telebrands, alleging that Telebrands has violated the Minnesota Deceptive Trade Practices Act ("MDTPA"), Minn. Stat. § 325D.44, and has infringed martFIVE's copyrights, trademarks, and trade dress. This matter is before the Court on

martFIVE's motion for a preliminary injunction. ECF No. 4. On July 10, 2013, the Court conducted a lengthy hearing on that motion. For the reasons stated on the record at that hearing and summarized below, the Court denies martFIVE's preliminary-injunction motion. The facts of this case are familiar to the parties and will not be repeated here.

### A.  Standard of Review

martFIVE has moved for either a temporary restraining order or a preliminary injunction. Because Telebrands received notice of martFIVE's motion and had a full opportunity to respond to that motion (both in writing and at the July 10 hearing), the Court treats martFIVE's motion as a motion for a preliminary injunction.

In determining whether to grant a motion for a preliminary injunction, the Court considers four factors: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant if the injunction is not granted; (3) the balance between this harm and the harm that the other parties will suffer if the injunction is granted; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). "In deciding whether to grant a preliminary injunction, likelihood of success on the merits is most significant." *Laclede Gas Co. v. St. Charles Cnty., Mo.*, 713 F.3d 413, 420 (8th Cir. 2013) (internal quotations omitted). Preliminary injunctions are extraordinary remedies, and the party seeking a preliminary injunction bears the burden of establishing its entitlement to such relief under the *Dataphase* factors. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

### B.  Trademark Infringement

martFIVE alleges that Telebrands infringed its "HurryCane" and "Stuffies" trademarks by naming its competing products "Trusty Cane" and "Pocket Pals." For the reasons given at the

July 10 hearing, the Court finds that Telebrands's marks bear little similarity to martFIVE's marks. Moreover, martFIVE has no evidence that Telebrands intended to confuse the public as to the origin of the companies' respective products through its use of the (dissimilar) marks. It is therefore doubtful that martFIVE can prove "that there is a likelihood of confusion between its mark[s] and the defendant's mark[s]." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 386 n.2 (8th Cir. 2009). Accordingly, martFIVE is unlikely to succeed on the merits of its trademark claims.[1]

### C. Infringement of Trade Dress

martFIVE also alleges that Telebrands's products infringe the trade dress of its products. To succeed on a claim that its trade dress has been infringed, martFIVE "must demonstrate that its trade dress is: (1) inherently distinctive or acquired distinctiveness through secondary meaning; (2) nonfunctional; and (3) its imitation would result in a likelihood of confusion in consumers' minds as to the source of the product." *Gateway, Inc. v. Companion Products, Inc.*, 384 F.3d 503, 507 (8th Cir. 2004); *see also Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992).

As explained more fully at the July 10 hearing, the Court finds that martFIVE is unlikely to succeed on its trade-dress claims. Among other problems, most of what martFIVE characterizes as its trade dress — such as the black-and-silver color scheme of its cane and the

---

[1] martFIVE also alleges in its complaint that Telebrands infringed various other trademarks, but the memorandum in support of martFIVE's motion for a preliminary injunction barely mentions these other marks. Because martFIVE has not adequately briefed the issue of whether Telebrands infringed these other trademarks, the Court will not consider those claims at this time. The Court notes, however, that martFIVE's other trademark claims appear to suffer the same defects as its claims concerning the "HurryCane" and "Stuffies" marks.

oversized heads and bodies of its stuffed animals — is far from inherently distinctive. Countless canes are black and silver, and countless stuffed animals have oversized heads and bodies. Moreover, there is no evidence before the Court that any of the features cited by martFIVE have acquired secondary meaning in the marketplace. Finally, much of martFIVE's supposed trade dress — for example, the placement and number of pockets on the stuffed animals — appears to be functional and therefore cannot support a claim of trade-dress infringement. Accordingly, martFIVE is unlikely to succeed on its trade-dress claim.

### D. Copyright Infringement

martFIVE next alleges that Telebrands has infringed various of its copyrights through the creation of similar products, websites, and television commercials. "The elements of copyright infringement are (1) ownership of a valid copyright and (2) copying of original elements of the copyrighted work." *Warner Bros. Entm't, Inc. v. X One X Productions*, 644 F.3d 584, 595 (8th Cir. 2011).

For the reasons stated on the record at the July 10 hearing, the Court finds it unlikely that martFIVE will succeed on most of its copyright claims. Simply put, Telebrands's putatively infringing stuffed animals,[2] websites, and stuffed-animal commercials differ from those of

---

[2]The parties submitted samples of both the "Stuffies" and "Pocket Pals" lines of products to the Court at the July 10 hearing. Having examined those samples, the Court concludes that martFIVE's copyright claim with respect to the overall design of its stuffed animals is stronger than the Court believed at the time of the hearing — but not so strong that the Court can find that the claim is likely to be successful. The Court also notes that martFIVE argues not only that Telebrands copied the overall design of its stuffed animals, but also that it copied specific elements of martFIVE's design (such as the number and placement of pockets on the stuffed animals). The Court doubts whether such specific elements on the design of a product are entitled to copyright protection, however, especially since those elements appear to serve a functional purpose.

martFIVE in substantial respects. Thus, martFIVE is unlikely to be able to prove that Telebrands copied those works.

martFIVE's strongest copyright claim is that Telebrands's Trusty Cane commercials copy elements from martFIVE's HurryCane commercials. But even with respect to that claim, the Court cannot say that martFIVE has a "fair chance of prevailing." *Barrett v. Claycomb*, 705 F.3d 315, 321 n.4 (8th Cir. 2013) (internal quotations omitted). First, there is some question as to whether martFIVE owns the copyright to its cane commercial. martFIVE's copyright in the commercial is not yet registered, *see* Compl. ¶ 30 [ECF No. 1], and it is conceivable that someone else — such as the third-party producer of the commercial — owns the copyright to the commercial. Second, although the parties' cane commercials bear several similarities, it is far from clear that Telebrands copied martFIVE's commercial. After all, martFIVE and Telebrands are advertising very similar products; even in the absence of copying, both companies' commercials would undoubtedly share many similarities (for example, scenes of the canes standing on their own, or the canes being taken out of purses and unfolded, or elderly persons using the canes in public places). There are enough similarities between martFIVE's commercial and Telebrands's commercial that martFIVE has raised a colorable claim of copyright infringement, but the Court nevertheless finds that it is unlikely to prevail on the merits of this claim.

### E.  Minnesota Deceptive Trade Practices Act

Finally, martFIVE alleges that Telebrands violated the MDTPA, which prohibits, among other things, "pass[ing] off goods or services as those of another;" "caus[ing] likelihood of confusion or of misunderstanding as to the source . . . of goods or services;" and "engag[ing] in

any other conduct which similarly creates a likelihood of confusion or of misunderstanding." Minn. Stat. § 325D.44, subd. 1. martFIVE is unlikely to succeed on its MDTPA claim. For the reasons already discussed in conjunction with martFIVE's trademark and trade-dress claims, martFIVE is not likely to show that Telebrands has passed off its products as martFIVE's, or that Telebrands has created a likelihood of confusion as to the source of its goods. *See also i-Systems, Inc. v. Softwares, Inc.*, No. 02-CV-1951, 2004 WL 742082, at *15 ("A claim under Minnesota Statute § 325D.44 requires the same analysis as does the federal Lanham Act.").

### F.  Conclusion

In sum, martFIVE has failed to demonstrate that it is likely to succeed on the merits of any of its claims. "With no likelihood of success on the merits, there is little justification for granting a preliminary injunction . . . ." *CDI Energy Services, Inc. v. West River Pumps, Inc.*, 567 F.3d 398, 402 (8th Cir. 2009). martFIVE's motion for a preliminary injunction is therefore denied.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the motion of plaintiff martFIVE, LLC for a preliminary injunction [ECF No. 4] is DENIED.

Dated: July 18, 2013                          s/Patrick J. Schiltz
                                              Patrick J. Schiltz
                                              United States District Judge